IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLES THOMAS**

    **Petitioner,**

**v.**                                              **Civil Action No.: 3:23-CV-4**
                                                                 **(GROH)**

**WARDEN BROWN,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On January 9, 2023, Petitioner, an inmate incarcerated at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging the reduction of his Good Conduct Time (GCT). ECF No. 1.[1] On January 30, 2023, Petitioner paid the filing fee. ECF No. 8.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:23-CV-4, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Petition Filed Under 28 U.S.C. § 2241

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his sole ground for relief, Petitioner claims that the Bureau of Prisons (BOP) unlawfully revoked his earned Good Conduct Time (GCT) without a disciplinary proceeding. ECF No. 1 at 1, 5. Petitioner contends that he filed an administrative remedy, but admits that his grievance was denied because he "didn't go through the administrative remedy process". Id. at 7. For relief, Petitioner asks for the Court to order the BOP to change his release date from September 24, 2030, to April 15, 2030. Id. at 5, 8.

### B. Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment

Following the February 7, 2023, issuance of an order to show cause, the Respondent file a motion to dismiss, or in the alternative motion for summary judgment, with a memorandum and exhibits in support thereof on March 6, 2023. ECF No. 13, 13-1 through 13-7. Therein, Respondent argues Petitioner is not entitled to relief because he failed to exhaust his administrative remedies prior to filing is habeas corpus petition. ECF No. 13-1 at 2 – 5. Further, Respondent argues that even if Petitioner had exhausted his administrative remedies he is still not entitled to relief because his good conduct time credit was reduced, not revoked, for unsatisfactory progress in his GED program. Id. at 5 – 8.

### C. Petitioner's Response to Motion to Dismiss, or in the Alternative, Motion for Summary Judgment

Petitioner filed a response and memorandum of law in support thereof on April 10, 2023. ECF No. 17. Therein, Petitioner contends that he exhausted his administrative

remedies. In support of his claim that he filed an administrative remedy at the Central Office, Petitioner submitted U.S. Mail Certified Mail receipt number 7021 2720 0001 6053 2574. A review of the US Postal Service tracking website shows that that item was received at the Bureau of Prisons Central Office in Washington, DC, on December 12, 2022. https://tools.usps.com/go/TrackConfirmAction!input.action. However, Petitioner did not provide a copy of the documents submitted in that certified mail.

### III.     STANDARD OF REVIEW

#### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable

3

merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### D. Exhaustion of Administrative Remedies

The Bureau of Prisons' Program Statement (BOP PS) 1330.18 § 542.10 et seq.,[3] addresses the Bureau's Administrative Remedy Program, and directs inmates on the processes necessary to exhaust their administrative remedies by filing four mandatory[4]

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

[3] See https://www.bop.gov/policy/progstat/1330_018.pdf.

[4] Inmates who are incarcerated in Community Corrections Centers (CCCs) are not required to attempt informal resolution. BOP PS 1330.18 § 542.13.b.

remedies: (1) an informal resolution (BP-8)[5]; (2) an administrative remedy at the facility (BP-9); (3) an appeal to the regional office (BP-10); and (4) a final appeal to the central office (BP-11). Failure to complete all four mandatory remedies is fatal to a claim based on the inmate's failure to exhaust administrative remedies.

The Fourth Circuit recognizes the process that inmates must follow to exhaust administrative remedies:

> The BOP grievance process is set forth at 28 C.F.R. § 542.13–.15 (2009). First, an inmate normally must present his complaint informally to prison staff using a BP–8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP–9 form. The BP–8 and BP–9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director within twenty calendar days of the date the Warden signed the response, using a BP–10 form. 28 C.F.R. § 542.15(a). The inmate may appeal an adverse decision by the Regional Director to the Central Office of the BOP using a BP–11 form. *Id.*

Hill v. Haynes, 380 F. App'x 268, 269, n.1 (4th Cir. 2010).

---

[5] Many BOP institutional handbooks refer to the Informal Resolution Form as the BP-8 form. See:

1. FCI Waseca https://www.bop.gov/locations/institutions/was/was_ao_handbook_eng_031517.pdf;
2. FCI Oxford https://www.bop.gov/locations/institutions/oxf/OXF_aohandbook.pdf;
3. FPC Schuylkill https://www.bop.gov/locations/institutions/sch/SCH_camp_aohandbook.pdf;
4. USMC Springfield https://www.bop.gov/locations/institutions/spg/spg_ao_handbook050917.pdf;
5. USP Lewisburg https://www.bop.gov/locations/institutions/lew/LEW_smu_aohandbook.pdf;
6. FDC Tallahassee https://www.bop.gov/locations/institutions/tal/TAL_fdc_aohandbook.pdf;
7. FCI Fort Dix https://www.bop.gov/locations/institutions/ftd/FTD_aohandbook.pdf; and
8. USP/SCP McCreary https://www.bop.gov/locations/institutions/mcr/MCR_aohandbook.pdf.

## IV.     ANALYSIS

### A.     Petitioner Failed to Exhaust his Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir. 2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. Petitioner contends that he attempted to exhaust his administrative remedies by filing at the institutional, regional, and central offices. ECF No. 1 at 7 – 8. However, Respondent submitted exhibits which demonstrate that although Petitioner filed three administrative remedies, those were comprised of one filed at the institution (Remedy ID 1133116-F1), and two filed at the Regional Office (1133116-R1, and 1133116-R2). ECF Nos. 13-2 at 2 – 3; 13-5 at 2 – 3.

Respondent filed exhibits which document that Petitioner filed three separate administrative remedies. Petitioner filed Remedy ID number 1133116-F1[6] at the facility, which was received on September 9, 2022, seeking good conduct days. ECF No. 13-5 at 2. The administrative remedy was rejected on September 9, 2022, because Petitioner attached more than one continuation page. ECF Nos. 13-2 at 2, 13-5 at 2.

Next Petitioner filed Remedy ID number 1133116-R1 at the Mid-Atlantic Regional Office, which was received on October 17, 2022, seeking good conduct days. ECF No. 13-5 at 2. The Regional Office rejected the administrative remedy on October 18, 2022, because Petitioner failed to receive a response from the warden before appealing to the regional level. ECF Nos. 13-2 at 2, 13-5 at 2.

Petitioner then filed at the Mid-Atlantic Regional Office Remedy ID number 1133116-R2 which was received on December 20, 2022, and which again sought good conduct time credit. ECF No. 13-5 at 3. The Regional Office rejected the administrative remedy on December 21, 2022, because pursuant to Program Statement 1330.18 "administrative remedies must first be filed at [the] facility to which you are assigned and appealed to the region." Id.

Moreover, the exhibits submitted by Respondent from the BOP show that Petitioner failed to fully exhaust his claims, by properly submitting the administrative remedies, and receiving a final determination upon the merits. ECF Nos 13-2, 13-5.

---

[6] Each administrative grievance is assigned a specific remedy ID. The numerical portion of the Remedy ID before the hyphen is known as the case number. Following the hyphen there is a submission ID comprised of one letter and one number. The letter indicates which level of the BOP administrative remedy program has received the grievance. The letter "F" indicates that the submission was received by an individual federal correctional facility. The letter "R" indicates that the submission was received by a Regional office. The letter "A" indicates that the submission was received by the BOP's Central Office. Following those letters is a number which indicates the number of times an inmate has submitted the same request at the same level of the BOP grievance program.

Rather, Petitioner's administrative remedies were all denied on procedural grounds because Petitioner failed to properly complete forms, or obtain the required determination on the merits prior to filing an appeal. Id.

Additionally, Petitioner never asserts that he requested but was denied administrative remedy forms for filing BP-8, BP-9, BP-10, and BP-11 administrative remedies, which are required to exhaust pursuant to 28 C.F.R. § 542.13–.15, and BOP Program Statement 1330.18 § 542.10 et seq. As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

Accordingly, it appears that Petitioner has failed to exhaust all administrative remedies available to address his sentence calculation and appropriate GCT credits. Although such a failure to exhaust may be excused for cause and prejudice, Petitioner has not demonstrated either cause or prejudice. The petition does not allege that

Petitioner was denied access to the forms necessary to file administrative remedies, or that staff failed or refused to submit those forms once prepared by Petitioner. Instead, the petition concedes that Petitioner was denied relief because he did not complete the administrative remedy process. In his response, Petitioner asserts that filed an administrative remedy at the Central Office but never received a response. ECF No. 17 at 3. However, even if Petitioner had received a response from the Central Office, based on his administrative remedies which were previously rejected at the Institutional and Regional Office levels, it is clear that Petitioner is not entitled to relief. Petitioner failed to ever receive a response—either a denial or grant of relief—to his Institutional and Regional Office level administrative remedies on the merits. Rather, Petitioner's attempts to obtain administrative remedy relief were ***rejected*** based on procedural inadequacies. Accordingly, any appeal to the Central Office would have likewise been rejected for failure to complete the administrative remedy process in compliance with the statute and Code of Federal Regulations. Pursuant to the holdings of McClung and Carmona, the undersigned finds that no cause or prejudice exists to excuse Petitioner's failure to exhaust.

Because Petitioner appears to have failed to exhaust his administrative remedies prior to filing this action, this court is without jurisdiction to consider the merits of the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### B. Petitioner's Good Conduct Time was Properly Calculated

Even if Petitioner had exhausted his administrative remedies, he would still not be entitled to relief because his Good Conduct Time was properly calculated. The Code of Federal Regulations sets forth the conditions under which an inmate may earn CGT:

> (a) The Bureau of Prisons (Bureau or BOP) awards good conduct time (GCT) credit to inmates under conditions described in this section. GCT credit may be reduced if an inmate:
> (1) Commits prohibited acts which result in certain disciplinary sanctions (see part 541 of this chapter); or
> (2) Fails to comply with literacy requirements in this section and part 544 of this chapter.

28 C.F.R. § 523.20(a). Further, the statute provides the rate at which inmates accrue GCT, when GCT is applied to an inmate's sentence, and under what circumstances an inmate does not earn GCT:

> (d)(1) For inmates serving a sentence for offenses committed on or after September 13, 1994, but before April 26, 1996, all GCT credit will vest annually only for inmates who have earned, or are making satisfactory progress toward earning, a high school diploma, equivalent degree, or Bureau-authorized alternative program credit (see part 544 of this chapter).
> (2) For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award:
> (i) Up to 54 days of GCT credit for each year of the sentence imposed, applied on the anniversary date of his or her imposed sentence, if the inmate has earned or is making satisfactory progress toward earning a high school diploma, equivalent degree, or Bureau-authorized alternative program credit; or
> (ii) Up to 42 days of GCT credit for each year of the sentence imposed, applied on the anniversary date of his/her imposed sentence, if the inmate does not meet conditions described in paragraph (d)(2)(i) of this section.

28 C.F.R. § 523.20. Respondent argues that when Petitioner opted out of the BOP 's General Education Development (GED)[7] program at FCI Gilmer on August 31, 2021, he could no longer earn or make satisfactory progress toward earning his high school diploma. ECF No. 13-1 at 5 – 7. As a result, and consistent with 28 CFR § 523.20, Petitioner's GCT was calculated at a rate of 42 days of GCT credit per year, instead of 54 days of GCT credit per year. Id. at 6. A review of the Bureau of Prisons' "Sentence Monitoring Good Time Data" sheet dated February 17, 2023, shows that from July 11, 2011, through July 10, 2021, Petitioner was able to earn a maximum of 54 days of Good Conduct Time per year. ECF No. 13-6. Further, the Good Time Data sheet shows that from July 11, 2011, through July 10, 2017, petitioner received the full maximum allowable 54 days per year in GCT, totaling 324 days. Id. For the period beginning July 11, 2017, through July 10, 2018, petitioner received only 14 days good time credit, and from July 11, 2018, through July 10, 2019, petitioner received only 27 days GCT.[8] Id. As of July 10, 2019, Petitioner had a total of 365 GTC days. Id. Petitioner again received the full annual 54 days GCT from July 11, 2019, through July 10, 2021, at the end of which period he had 473 Good Conduct Time days. Id. Because Petitioner opted out of the GED program on August 31, 2021, he no longer could receive the maximum allowable 54 days GCT per year for the period July 11, 2021, going forward. Id. Thus, a review of the good time data sheet shows that from July 11, 2021, through a projected stop date of May 11, 2033, petitioners maximum allowable GCT days are 42 per year. Id.

---

[7] The Petitioner does not contest that he discontinued his participation in the GED program. In fact, he concedes he "signed out" of the program. ECF No. 1 at 5.

[8] These reductions of GCT were the result of unrelated disciplinary proceedings. ECF No. 13-1 at 7, n.2.

11

Accordingly, the Petitioner did not lose any GCT starting July 11, 2021, because he had not yet earned GCT, but rather was earning GCT at the rate of 54 days per year by working toward his GED. The calculation was proper pursuant to regulation, and his rate of earning 54 days of GCT per year was based on Petitioner's prior participation in the GED program. Petitioner's rate of earning GCT was predicated on him successfully working toward educational requirements. His decision to quit the GED program resulted in a mandatory reduction in days for which he was eligible to earn GCT credit. As a result, his anticipated release date was adjusted to reflect the reduction in the Good Conduct Time days available upon his decision to discontinue the GED program. Accordingly, regardless of whether Petitioner exhausted his administrative remedies, his claim that he lost or had GCT credits revoked is without merit.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Respondent's motion to dismiss [ECF No. 13] be **GRANTED**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record by electronic means.

DATED: August 18, 2023

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE